UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RITA SKOLKIN, individually and on behalf of all
others similarly situated,

         Plaintiff,

   -against-            MEMORANDUM AND ORDER

SHOREFRONT OPERATING LLC, *et al.*,    No. 22-CV-7664-FB-JRC

         Defendants.
------------------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

  Currently pending before this Court, on a referral from the Honorable Frederic Block, is non-party Gina Skolkin's motion pursuant to Rule 25(a) of the Federal Rules of Civil Procedure (the "FRCP"), to substitute herself as representative of the Estate of Rita Skolkin, following the death of the sole plaintiff, Rita Skolkin ("plaintiff" or the "decedent"). *See* Motion to Substitute Party ("Substitution Motion"), Dkt. 57. Defendants oppose the substitution motion on various grounds. *See* Response in Opposition ("Def. Opp."), Dkt. 59. For the reasons that follow, this Court grants the motion to substitute, without prejudice to a dispositive motion by defendants to challenge the survivability of the decedent's requests for injunctive relief and punitive damages.

**I.  Relevant Factual and Procedural Background**

  On December 16, 2022, plaintiff Rita Skolkin, a resident of Seagate Rehabilitation and Nursing Center ("Seagate"), commenced this action against the owners and operators of Seagate, alleging that they deprived plaintiff and a putative class of all persons who reside, or resided, at Seagate after December 1, 2014 of their rights to adequate staffing. *See* Compl., Dkt. 1. Several months later, on July 2, 2023, plaintiff died while residing at defendants' facility. *See* Declaration of D. Greg Blankinship ("Blankinship Decl.") ¶ 2, Dkt. 57-2; Certificate of Death, Dkt. 61-3. On July 7, 2023, defendants' counsel filed a letter notifying the Court that plaintiff Rita Skolkin had

died.  *See* Notice of Death of Plaintiff, Dkt. 53.  Upon reviewing the letter, this Court, citing Rule 25 of the FRCP, ordered that a motion for substitution of a new plaintiff be filed by October 5, 2023.  *See* Order dated July 7, 2023.

On July 13, 2023, plaintiff's counsel learned that Rita Skolkin had a husband, Mike Maldonado, from whom Rita Skolkin had been separated but not divorced.  *See* Blankinship Decl. ¶ 3.  On August 24, 2023, counsel confirmed that Mr. Maldonado was alive and resided at an assisted living facility.  *See id.* ¶ 5.  On October 3, 2023, this Court granted an extension of time, on consent, to file the motion for substitution by January 2, 2024.  *See* Order dated October 3, 2023.  After several months of attempting to obtain an affidavit from Mr. Maldonado, on December 14, 2023, Mr. Maldonado executed an affidavit renouncing his intestate share in Rita Skolkin's estate and this action.  *See* Blankinship Decl. ¶ 9; Affidavit of Mike Maldonado, Dkt. 57-4.  After Gina Skolkin filed a request for a further extension of time to file the motion for substitution while she sought appointment in the Surrogate's Court, the Court issued an order to show cause why she could not move for substitution prior to receiving letters of administration.  *See* Order dated December 21, 2023.  In response, after the Court granted a brief extension to January 16, 2024, the instant motion followed.  *See* Order dated January 9, 2024; Substitution Motion.

Gina Skolkin contends that her motion for substitution is timely, that the sole claim asserted in this case survives plaintiff's death, and that as the decedent's daughter, she is a proper substitute plaintiff.  Defendants oppose the motion on the grounds that Gina Skolkin has not established that she is a proper party to be substituted for plaintiff, and that plaintiff's death extinguished the claims for injunctive relief and punitive damages.  In reply to defendants' opposition, Gina Skolkin submitted additional documents in support of the motion for substitution, including a letter from the Kings County Surrogate's Court and a further affidavit from Gina Skolkin.  *See* Plaintiff's Reply in Support of Motion to Substitute, Dkt. 61; Kings County Surrogate's Court Letter, Dkt. 61-2; Reply

2

Declaration of Gina Skolkin ("Skolkin Reply Decl."), Dkt. 62.

## II. Discussion

Pursuant to Rule 25, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's *successor or representative*." *Id.* (emphasis added). To substitute a party under Rule 25, (1) the motion must be made "within 90 days after service of a statement noting the death," (2) the party sought to be substituted for the decedent must be a "proper party," and (3) the "claim is not extinguished." *Id.*

### A. Timeliness of Motion to Substitute

First, it is undisputed that the instant motion is timely. *See* Def. Opp. at 3.

### B. Gina Skolkin is a Proper Party

Second, the Court finds that Gina Skolkin, Rita Skolkin's daughter, has established that she is a proper party to be substituted. Under Rule 25, a "proper party" for substitution is (1) a "successor of the deceased party" or (2) a "representative of the deceased party," which is determined by New York law. *See Galeas v. Houslanger & Assocs., PLLC*, No. 19-CV-4270, 2021 WL 2843214, at *3 (E.D.N.Y. June 21, 2021); *Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-CV-5475, 2017 WL 9485707, at *3-*4 (E.D.N.Y. Aug. 3, 2017), *report and recommendation adopted*, 2017 WL 3981299 (E.D.N.Y. Sept. 11, 2017). Under New York law, a personal representative is "a person who has received letters to administer the estate of a decedent." N.Y. Est. Powers and Trusts § 1-2.13; *see Official Comm.*, 2017 WL 9485707, at *4; *English v. Murphy-Lattanzi*, No. 12-CV-4179, 2015 WL 630248, at *3 (E.D.N.Y. Feb. 12, 2015). Since Gina Skolkin has not yet been appointed administrator of the decedent's estate, she cannot qualify as a "representative."

Next, the Court must consider whether Gina Skolkin qualifies as a "successor" of the

3

decedent. "[A] person may qualify as a decedent's legal successor under Rule 25(a)(1) if she is: (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated, or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *CFS 12 Funding LLC v. Wiesen*, No. 21-CV-9711, 2023 WL 3817910, at *2 (S.D.N.Y. June 5, 2023) (quoting *Tankleff v. Cnty. of Suffolk*, No. 09-CV-1207, 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016)); *see Gass v. Target*, No. 22-CV-1152, 2023 WL 2919414, at *2 (E.D.N.Y. Mar. 24, 2023). However, where, as here, "the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." *Odessey F. v. Comm'r of Soc. Sec.*, No. 22-CV-6517, 2024 WL 1565309, at *2 (W.D.N.Y. Apr. 11, 2024) (quoting *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.*, No. 15-CV-9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017)); *Walsh v. Comm'r of Soc. Sec.*, No. 17-CV-5465, 2022 WL 4079588, at *4 (E.D.N.Y. Sept. 6, 2022) (same); *see Roe v. City of New York*, No. 00-CV-9062, 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (finding decedent's father a proper party where son died intestate, no court appointed an administrator and his property consisted only of personal belongings).

Gina Skolkin argues that her application falls within the third category for qualifying as a legal successor – the beneficiary of an unprobated intestate estate which need not be probated. *See* Substitution Motion at 8. This Court agrees. Under New York's intestacy distribution laws, a surviving spouse has default rights to distribution from an estate of a decedent spouse who died without a will. *See* N.Y. Est. Powers and Trusts § 4-1.1(a)(1) (where a decedent "is survived by" "[a] spouse and issue, fifty thousand dollars and one-half of the residue to the spouse, and the balance thereof to the issue by representation"). A spouse may waive or release those rights. *See id.* § 2-1.11(c)(1). Having established that Rita Skolkin died intestate and that her husband opts to

4

waive and renounce his rights of inheritance, Rita Skolkin's children are the distributees of her estate. *See id.* § 4-1.1(a)(3). Further, Gina Skolkin's siblings have each submitted a declaration attesting to their intent for Gina Skolkin to serve as the sole representative of the estate in this action. *See* Declaration of Scott Skolkin ¶ 2, Dkt. 58; Declaration of Paul Skolkin ¶ 2, Dkt. 57-10; Declaration of Sean Skolkin ¶ 2, Dkt. 57-11.

Here, Rita Skolkin died without any assets. *See* Skolkin Reply Declaration ¶ 4 ("had no assets to bequeath"), 7 ("did not have any residences or possessions outside of the nursing home"), 8 ("my mother did not have a safe deposit box"), Dkt. 62. Therefore, there is no requirement that the estate be probated. The fact that Gina Skolkin has applied to the Surrogate's Court of Kings County to be appointed Administrator of Rita Skolkin's estate does not prove otherwise.[1] *See Odessey F.*, 2024 WL 1565309, at *2 (granting motion to substitute decedent's son as successor even though decedent's mother was appointed voluntary administrator of small estate proceeding). Accordingly, under the circumstances, the Court is satisfied that Gina Skolkin is a proper party for substitution to represent plaintiff's claim. *See Vickie W. v. Comm'r of Soc. Sec.*, No. 23-CV-6322, 2023 WL 8014392, at *2 (W.D.N.Y. Nov. 20, 2023) (granting motion to substitute spouse where plaintiff died intestate, did not have an estate that was probated or any assets to be distributed upon her death); *Walsh*, 2022 WL 4079588, at *4 (granting motion to substitute son where father died intestate and left no assets); *U.S. Bank Nat'l Ass'n*, 630 F. Supp. 3d at 422 (granting motion to substitute surviving children of decedent as distributees of estate, where no administrator was

---

[1] "Although a state court determination can be helpful in identifying a decedent's successor or representative, no such designation is required before a federal court can determine the proper party for substitution." *U.S. Bank Nat'l Ass'n v. Sager*, 630 F. Supp. 3d 417, 420 (E.D.N.Y. 2022). Here, as in *Sager*, "waiting for a probate proceeding . . . would constitute an unnecessary waste of time and run counter to the purpose of Rule 25, which was to simplify and expedite the process of administering federal cases after the death of a party." *Id.* at 422. In fact, "[t]he Second Circuit has endorsed a flexible approach to interpreting Rule 25 . . . because there can be time delays between the date of a party's death and the probate court being in a position to appoint a representative under the law of the domicile of the deceased." *Id.* at 421 (citation omitted).

5

appointed); *Coon v. Bell*, No. 16-CV-291, 2018 WL 10602302, at *1 (N.D.N.Y. June 14, 2018) (granting motion to substitute wife for deceased plaintiff where plaintiff died intestate, there will be no estate established and wife has not been formally appointed administratrix of her husband's estate); *Herrera-Castro*, 2017 WL 549584, at *1 (granting motion to substitute sister where decedent died destitute and no executor or administrator had been appointed); *Tankleff*, 2016 WL 3162059, at *2 (granting motion to substitute decedent's only distributees where defendant died without a will and no estate was instituted).

Defendants argue that Gina Skolkin failed to provide "any evidentiary support for her claim that Rita Skolkin did not have a will." Def. Opp. at 4. To the extent Gina Skolkin's moving papers left any ambiguity on the subject, on reply, Gina Skolkin has submitted an additional declaration stating unequivocally: "[w]hen my mother, Rita Skolkin, died on July 2, 2023, she died without leaving a last will and testament; she died intestate." Skolkin Reply Decl. ¶ 3. Gina Skolkin further explains that her mother never disclosed the existence of a will to her, and Gina conferred with other members of the family after her mother's death, who also had no knowledge of Rita Skolkin executing a will. *See id.* ¶¶ 4-6. In addition, Gina Skolkin submits a letter from the Kings County Surrogate's Court verifying that it searched its records and found no record of a will on behalf of Rita Skolkin. *See* Letter from Kings County Surrogate's Court, Dkt. 61-2.

Defendants also argue that the affidavit of Mike Maldonado, the decedent's estranged husband, renouncing his interest in Rita Skolkin's estate, "attests that decedent did indeed have a will." Def. Opp. at 4; *see id.* at 2 ("Gina Skolkin's assertion that Rita Skolkin died without a will . . . are rebutted by Rita Skolkin's husband's attestations"). However, this Court finds that defendants misconstrue a few stray references to a "will" in the documents executed by Mr. Maldonado. In Mr. Maldonado's submission, he states that it is his "intention to renounce said property *regardless of how it may pass to me*, whether as a specific bequest or as part of the

6

residuary estate under the Last Will and Testament of Rita Skolkin, or whether it may pass to me by virtue of my status as a distributee of the deceased under the laws of any applicable jurisdiction." Dkt. 57-4 at ECF page[2] 3. Nowhere in the statements submitted by Mr. Maldonado does he indicate the existence of a will. The use of boilerplate catch-all language in Mr. Maldonado's statements does not support defendants' interpretation. His waiver and renunciation is clearly overinclusive, encompassing both a circumstance where there exists a last will and testament or where Mr. Maldonado "take[s] from the estate of [his] spouse in intestacy if she should die without a Will . . . ." Dkt. 57-4 at ECF page 5. In sum, references to "any Will" in Mr. Maldonado's statements do not refute the evidence submitted by Gina Skolkin explaining the basis for her belief that her mother died without leaving a last will and testament.

### C. Claim is Not Extinguished

Defendants argue that Rita Skolkin's "injunctive relief claim" and "request for punitive damages" were extinguished by her death. *See* Def. Opp. at 7-9. However, defendants concede that Rita Skolkin's "non injunctive relief claim under PHL § 2801-d survives her death." *Id.* at 3.

A review of the Complaint reveals that Rita Skolkin asserted a single cause of action under New York's Public Health Law § 2801-d. *See* Compl. ¶¶ 72-90. Where, as here, the party's claim arises under state law, then the claims survive the party's death if the "applicable state law creates a right of survival." *Official Comm.*, 2017 WL 9485707, at *6 (quoting *English*, 2015 WL 630248, at *2); *see Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *9 (E.D.N.Y. May 16, 2018), *report and recommendation adopted*, 2018 WL 3094940 (E.D.N.Y. June 22, 2018). Here, New York's Estates, Powers and Trusts Law § 11-3.2(b) provides that "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed." N.Y. Est. Powers and Trusts § 11-3.2(b).

---

[2] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

7

Here, the claim asserted by plaintiff alleges injuries to her person. In addition, section 2801-d(4-a) provides that "[u]nder this section, any action that may be brought, and any relief that may be sought or received, may be brought, sought or received in an appropriate case by the patient's legal representative or the patient's estate." N.Y. Pub. Health § 2801-d(4-a). Therefore, plaintiff's single claim under section 2801-d survives her death. *See Hauser v. Ft. Hudson Nursing Ctr., Inc.*, 161 N.Y.S.3d 374, 377 (3d Dep't 2021) ("plaintiff, as administrator of decedent's estate, properly commenced this action on his behalf to recover for the injury of his death").

Of course, plaintiff's requests for punitive damages and injunctive relief are remedies for the alleged statutory violation, not separate causes of action. *See City Nat'l Specialty Co. v. Ashley Furniture Indus., LLC*, No. 21-CV-5521, 2022 WL 2918121, at *3 (E.D.N.Y. July 21, 2022) ("there is no separate cause of action in New York for punitive damages") (quoting *Martin v. Dickson*, 100 F. App'x 14, 16 (2d Cir. 2004)); *Henkels & McCoy Grp., Inc. v. Verizon Sourcing, LLC*, No. 21-CV-9576, 2022 WL 1185817, at *5 (S.D.N.Y. Apr. 21, 2022) ("'Punitive damages' is not a separate cause of action – it is a form of relief – and motions to dismiss are properly directed to claims, not to forms of relief."). Defendants seemingly acknowledge this fact in their memorandum of law: "[Plaintiff] brought one cause of action for an alleged violation of New York Public Health Law ("PHL") § 2801-d which sought, among other relief, an award of injunctive relief 'prohibiting Defendants' from violations of PHL §§ 2801-d and 2801-c in the future." Def. Opp. at 1-2. To the extent defendants seek to challenge the availability of a remedy provided for by the relevant statute, that determination should await an appropriate motion before the District Court. *See Fezzani v. Bear, Stearns & Co. Inc.*, No. 99-CV-0793, 2023 WL 2612454, at *5 n.14 (S.D.N.Y. Mar. 23, 2023) (declining to address "merits-based arguments" as to the futility of substituting parties because "Rule 25 is an inherently procedural device"); *Galeas*, 2021 WL 2843214, at *4 (granting Rule 25 motion for substitution and "defer[ring] to the District Court on

8

those challenges to substitution that may be dispositive of this action"); 7C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1956 (3d ed.) ("The court will not resolve the merits of the controversy in passing on a motion for substitution.").

## Conclusion

For the foregoing reasons, the Court grants Gina Skolkin's motion for substitution. Accordingly, the Complaint is deemed amended to substitute Gina Skolkin as plaintiff, as successor to Rita Skolkin. If Gina Skolkin receives letters of administration, she shall move to amend the complaint to reflect that she is the representative of the estate of Rita Skolkin.

**SO ORDERED**

Dated: Brooklyn, New York
June 4, 2024

s/ James R. Cho
James R. Cho
United States Magistrate Judge
